# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PETER KEVIN LANGAN,** | ) |
| Petitioner, | ) ) |
| vs. | ) CIVIL NO. 08-cv-209-JPG |
| **B. A. BLEDSOE,** | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner, an inmate in the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. In this case, Petitioner alleges that various unnamed individuals within the Bureau of Prisons have retaliated against him for unspecified actions. He further alleges that this retaliation as manifested itself in various acts of harassment, discrimination, disciplinary action, and interference with his mail, among other things. Petitioner seeks injunctive relief directing Respondent "to make amends for their misconduct" as well as "any other relief" the Court deems appropriate.

As stated above, Petitioner brings this action under the umbrella of habeas corpus law. 28 U.S.C. § 2241. Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). The writ has been extended, under certain circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement. *See, e.g., United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); *Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991).

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation – then habeas corpus is his remedy. *But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law....*

*Id*. at 381 (emphasis added); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-139 (7th Cir. 1995).

As summarized above, Petitioner's claims do not request a "quantum change in the level of custody." This is true even though a transfer from Marion to another facility might also result in a decrease in the level of confinement because Marion is under twenty-three hour lockdown. *See Falcon*, 52 F.3d at 139; *Graham*, 922 F.2d at 381 (civil rights action was proper avenue "even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks."). Therefore, the Court is unable to provide the relief sought.[1]

Accordingly, this habeas corpus action is **DISMISSED** without prejudice to Petitioner pursuing his claims in a civil rights complaint. The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**Dated: May 2, 2008.**

                                                                                           **s/ J. Phil Gilbert**
                                                                                           **U. S. District Judge**

---

[1] While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because Petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915.